Filed 9/11/25  McFall v. Meta Platforms CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| ANIKA MCFALL,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>META PLATFORMS, INC. et al.<br><br>     Defendants and Respondents. | A172022<br><br><br>(San Mateo County<br>Super. Ct. No. 24CIV00368) |

**MEMORANDUM OPINION[1]**

This dispute arises from the hacking of Anika McFall's Instagram account and the actions defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively Meta) took or failed to take in response.  The trial court sustained without leave to amend Meta's demurrer to McFall's first amended complaint (complaint).  We affirm.

McFall is a social media influencer who used Instagram, a digital platform owned by Meta, in connection with her work.  According to the complaint, hackers gained access to one of McFall's Instagram accounts along with money linked to the account.  They deleted the account's contents and attempted to pressure her into compensating them to restore the account.

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

1

McFall filed a report with the Los Angeles Police Department and worked with law enforcement to try to preserve and recover her account. McFall also reported the issue to Meta but alleges that Meta failed to investigate, resolve, or provide any redress for the matter. The complaint asserts two causes of action, the first for breach of the implied covenant of good faith and the second for negligence.

Meta demurred to the complaint and requested that the court take judicial notice of the Instagram terms of use (TOU), which include provisions stating that Meta provided the service " 'as is,' " could not guarantee that it would be safe and secure, would not be responsible for the actions of third parties, and would not be responsible for "any lost profits, revenues, information, or data" arising out of or related to the TOU. The court granted the unopposed request for judicial notice and sustained the demurrer without leave to amend. It held that the TOU precluded McFall's claims because the TOU disclaimed all warranties to the extent permitted by law and all liability for third party conduct. The court also found that McFall failed to allege any duty of care independent of the TOU.

On appeal, McFall does not challenge the trial court's ruling with respect to the claim for breach of the implied covenant, but asserts that it erred in sustaining Meta's demurrer to her claim for negligence.[2] However, it is a "cardinal rule of appellate review that a judgment or order of the trial

---

[2] McFall appealed from the September 18, 2024 order sustaining Meta's demurrer and not from a judgment of dismissal. Generally, an order sustaining a demurrer without leave to amend is not appealable, and an appeal is only proper after entry of a dismissal on the demurrer order. (See *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.) However, in the interests of judicial economy, we will deem the trial court's order sustaining the demurrer to incorporate a judgment of dismissal. (See *ibid.*)

court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.)

McFall's opening brief—no reply brief was filed—repeats her general allegation that Meta "failed to provide any redress or restoration for Ms. McFall's account," asserts without elaboration that "review of [the] elements meets the purview for at least negligence," and then states that McFall "deserve[d] discovery" and an opportunity to file a second amended complaint. She does not address either the TOU or the trial court's finding that she failed to plead a duty of care, cite anything in the record apart from two citations to the entirety of the complaint, discuss any case law relating to any duty of care that could apply to the circumstances of this case, or describe how she would amend the complaint. Although McFall is represented by counsel, the brief falls far short of what is required to establish error, and "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) Whether characterized as a forfeiture of the claim of error or simply as a failure to carry her burden, the inadequacy of McFall's briefing dooms her appeal.

## DISPOSITION

The trial court's dismissal of the complaint is affirmed.  In the interests of justice, the parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
CLAY, J. [*]

---

[*]Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.